UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BATTAT INCORPORATED, | CASE NO. 08 CIV 6408 RMB |
| Plaintiff, | |
| v. | **ANSWER, DEFENSES AND COUNTERCLAIM OF LAKESHORE EQUIPMENT CO.** |
| LAKESHORE EQUIPMENT CO., d/b/a LAKESHORE LEARNING MATERIALS, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Defendant Lakeshore Equipment Co., d/b/a Lakeshore Learning Materials ("Lakeshore"), by its attorneys, Mitchell Silberberg & Knupp LLP, for its Answer, Defenses and Counterclaim to the Complaint filed by plaintiff Battat Incorporated ("Battat"), states as follows:

### NATURE OF THE ACTION

1.      States that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response.  To the extent that Paragraph 1 sets forth any factual allegations, Lakeshore denies those allegations.

### THE PARTIES

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Denies that Lakeshore's zip code is 90810; states that Lakeshore's zip code is 90895; and admits the remaining allegations set forth in Paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.      States that Paragraph 4 of the Complaint sets forth legal conclusions that do not require a response, except admits that Battat alleges its claims arise under the Lanham Act.

1918752.2

5.    States that Paragraph 5 of the Complaint sets forth legal conclusions that do not require a response, except admits that Battat alleges that the jurisdiction of the Court is proper.

6.    States that Paragraph 6 of the Complaint sets forth legal conclusions that do not require a response, except admits that Battat alleges that venue in this Court is proper.

7.    States that Paragraph 7 of the Complaint sets forth legal conclusions that do not require a response, except admits that Lakeshore transacts business in this judicial district and denies that the products sold by Lakeshore are in any way infringing.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except admits that Lakeshore in the past has sold children's building block toys supplied to Lakeshore by Battat, which Lakeshore sold and identified as "Bristle Builders" and which Battat identified as "Bristle Blocks."

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.    Denies the allegations set forth in Paragraph 13 of the Complaint.

2

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Admits the allegations set forth in Paragraph 20 of the Complaint and states that Lakeshore also sells products online through its website.

21.     Admits that Battat supplied Lakeshore with building block toys which Lakeshore sold and identified as "Bristle Builders" and which Battat identified as "Bristle Blocks" between 2000 and 2007. Lakeshore denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     Admits that in or around March 2006, Battat advised Lakeshore that Battat would no longer identify its product supplied to Lakeshore as "Bristle Blocks" and admits that Battat suggested that Battat instead supply Lakeshore with products Battat would identify as "Krinkles." Lakeshore denies the remaining allegations set forth in Paragraph 22 of the Complaint.

3

1918752.2

23.    Admits that in or around July 2006, Lakeshore advised Battat that Lakeshore intended to continue to sell Lakeshore's product under Lakeshore's BRISTLE BUILDERS trademark, and that Lakeshore did not want to buy or sell toys identified as "Krinkles," and admits that, in or around 2007, Lakeshore ceased purchasing children's building block toys from Battat. Lakeshore denies the remaining allegations set forth in Paragraph 23.

24.    Denies the allegations set forth in Paragraph 24 of the Complaint.

25.    Admits that in December 2006, Lakeshore filed a trademark application for its BRISTLE BUILDERS trademark, in connection with toys, namely block-building play sets with wheels, plastic storage cases, play figures and play animals, U.S. Ser. No. 77060631, and admits that such application was initially based upon intent to use. Lakeshore further states that said application subsequently was amended to allege Lakeshore's use of the BRISTLE BUILDERS trademark in commerce dating back to January 1993. Lakeshore denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26.    Admits that the marks BRISTLE BLOCKS and BRISTLE BUILDERS as used in connection with the sale of children's building block toys are likely to cause consumer confusion and denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27.    Admits the allegations contained in Paragraph 27 of the Complaint, except denies that Battat's trademark application was a "re-application."

28.    Admits that Lakeshore was a customer of Battat for several years and admits that Lakeshore first learned of Battat's trademark application through an Office Action from the Patent and Trademark Office. Lakeshore denies the remaining allegations set forth in Paragraph

4

28 of the Complaint, and specifically denies that Battat's trademark application was a "re-application."

29.    Admits that, in May 2007, Lakeshore amended its trademark application for the trademark BRISTLE BUILDERS and alleged use of that trademark in commerce since January 1993; admits that Lakeshore had been using the BRISTLE BUILDERS trademark prior to Battat's use of the BRISTLE BLOCKS mark and prior to the commencement of Lakeshore's purchaser-supplier relationship with Battat and that Lakeshore alleged as such in its amended application; and admits that, for a period of time, Battat supplied Lakeshore with products which Lakeshore sold and identified as "Bristle Builders" and which Battat identified as "Bristle Blocks." Lakeshore denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30.    Admits the allegations set forth in Paragraph 30 of the Complaint.

31.    Admits the allegations set forth in Paragraph 31 of the Complaint, except states that Lakeshore and Battat have stipulated to stay the opposition proceeding pending the outcome of this litigation.

32.    Admits that Lakeshore is now and has consistently since 1989 sold children's building block toys under the BRISTLE BUILDERS trademark and admits that BRISTLE BLOCKS is a mark confusingly similar thereto and which, on information and belief, currently is used by Battat in connection with the same type of goods. Lakeshore denies the remaining allegations set forth in Paragraph 32 of the Complaint.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint.

1918752.2

34.    Denies the allegations set forth in Paragraph 34 of the Complaint, except admits, on information and belief, that Lakeshore and Battat's respective children's building block toys share similar ultimate consumers and are sold at similar price points.

## FIRST CLAIM FOR RELIEF

35.    In response to Paragraph 35 of the Complaint, repeats and realleges its responses to Paragraphs 1-34 as if fully set forth herein.

36.    Denies that "Battat has forced a strong association in the minds of consumers between itself and its BRISTLE BLOCKS mark as used in connection with marketing and sales on such toys and related goods," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint.

37.    Admits that Lakeshore purchased toys from Battat which Lakeshore sold and identified as "Bristle Builders" and which Battat identified as "Bristle Blocks" for at least six years, and admits that Battat ceased to supply Lakeshore with such products in or around 2007. Lakeshore denies the remaining allegations set forth in Paragraph 37 of the Complaint.

38.    Admits that the marks BRISTLE BLOCKS and BRISTLE BUILDERS as used in connection with the sale of children's building block toys at the same or similar price points to similar consumers are likely to cause confusion, and denies the remaining allegations set forth in Paragraph 38 of the Complaint.

39.    Denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Denies the allegations set forth in Paragraph 40 of the Complaint.

6

41.      States that Paragraph 41 of the Complaint sets forth legal conclusions that do not require a response.  To the extent that Paragraph 41 sets forth any factual allegations, Lakeshore denies those allegations.

42.      States that Paragraph 42 of the Complaint sets forth legal conclusions that do not require a response.  To the extent that Paragraph 42 sets forth any factual allegations, Lakeshore denies those allegations and specifically denies that Battat has suffered any damage, injury, or harm as a result of Lakeshore's actions.

43.      States that Paragraph 43 of the Complaint sets forth legal conclusions that do not require a response.  To the extent that Paragraph 43 sets forth any factual allegations, Lakeshore denies those allegations and specifically denies that Battat has suffered any damage, injury, or harm as a result of Lakeshore's actions.

## SECOND CLAIM FOR RELIEF

44.      In response to Paragraph 44 of the Complaint, repeats and realleges its responses to Paragraphs 1-42 as if fully set forth herein.

45.      States that Paragraph 45 of the Complaint sets forth legal conclusions that do not require a response.  To the extent that Paragraph 45 sets forth any factual allegations, Lakeshore denies those allegations and specifically denies that Battat has suffered any damage, injury, or harm as a result of Lakeshore's actions.

1918752.2

## DEFENSES

## FIRST DEFENSE

### Failure To State A Claim

46.    Plaintiff's Complaint and any claims therein fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

### Statute Of Limitations

47.    Plaintiff's Complaint and any claims therein are barred, precluded, and /or limited by the statute of limitations.

## THIRD DEFENSE

### Waiver, Laches, And Estoppel

48.    Plaintiff's Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, and estoppel.

## FOURTH DEFENSE

### Fraud On The Patent And Trademark Office

49.    Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited by reason of Plaintiff's fraud on the Patent and Trademark Office during the course of Plaintiff's application for registration of the mark BRISTLE BLOCKS, in that Plaintiff made a material representations of fact in its declaration which it knew or should have known to be false when Plaintiff swore "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the

8

goods/services of such other person, to cause confusion, or to cause mistake, or to deceive...,"

despite Plaintiff's knowledge of Lakeshore's longstanding and prior use of the trademark

BRISTLE BUILDERS.

## FIFTH DEFENSE

### Acquiescence and Unclean Hands

50.     Plaintiff's Complaint and any claims therein are barred by the doctrines of

acquiescence and unclean hands.

## SIXTH DEFENSE

### Failure To State A Claim Of Willful Infringement

51.     Plaintiff has not stated any claim for willful infringement and none exists.

## SEVENTH DEFENSE

### Plaintiff Not The True Owner Of The Mark

52.     Defendant has priority of use of its BRISTLE BUILDERS trademark over

Plaintiff's BRISTLE BLOCKS mark as to the competitive market at issue.

## EIGHTH DEFENSE

### Lack Of Secondary Meaning

53.     Plaintiff's BRISTLE BLOCKS mark is descriptive, lacks secondary meaning, and

consumers do not associate that mark with Plaintiff alone.

## NINTH DEFENSE

### Defendant's Entitlement To Recover Attorney's Fees By Reason of Plaintiff's Bad Faith

54.     Plaintiff's claims are brought in bad faith, for the purposes of harassment, delay,

and multiplication of litigation.  Plaintiff has received discovery from Defendant in the

9

Trademark Trial and Appeal Board opposition proceeding between the parties which clearly

demonstrates Defendant's priority of use with respect to its BRISTLE BUILDERS trademark.

Accordingly, this case should be deemed "exceptional," and Defendant should recover its

reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a)(3).


WHEREFORE, Lakeshore respectfully submits that the Complaint should be dismissed,

that Battat should take nothing by its Complaint, that judgment should be entered in Lakeshore's

favor, that this case should be deemed exceptional pursuant to 15 U.S.C. § 1117(a)(3), and that

Lakeshore should be awarded its costs of defense and reasonable attorney's fees.


## COUNTERCLAIM

For its Counterclaim against Battat, Lakeshore alleges, as follows:


## NATURE OF THE ACTION

55.     This is an action for willful trademark infringement and false designation of

origin or sponsorship pursuant to the Lanham Act, 15 U.S.C. § 1125(a).


## THE PARTIES

56.     Lakeshore is a corporation organized and existing under the laws of the state of

California, and has its principal place of business at 2695 E. Dominguez Street, Carson,

California 90895. Lakeshore is engaged in the design, manufacturing, distribution, and retailing

of toys and educational products. For over fifty years, Lakeshore has been a leader in the

development of educational and other products for children. Lakeshore has invested and

10

continues to invest considerable time, effort, and resources to develop, maintain, and enhance its

stellar and hard-earned reputation for its service and for the quality, reliability, safety, and

durability of its products, and its commitment to ensuring the satisfaction of its customers.

Lakeshore has obtained a valuable reputation for itself and its products, such that products sold

by Lakeshore acquire value by Lakeshore's association with and testimony as to their

genuineness and quality.

   57. Upon information and belief, Battat is a Delaware corporation authorized to

transact business in the State of New York, with its principal place of business at 1560 Military

Turnpike, Plattsburgh, New York 12901. Upon information and belief, Battat is engaged in the

design, manufacturing, and distribution of toys and related products nationwide and within the

State of New York and within this judicial district.

## JURISDICTION AND VENUE

   58. This action is within the subject matter jurisdiction of this Court pursuant to 28

U.S.C. §§ 1331 and 1338, in that it arises under the Constitution or laws of the United States and

arises under acts of Congress relating to trademarks, including 15 U.S.C. §§ 1051, *et seq.*

   59. Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b) and (c).

   60. This Court has personal jurisdiction over Battat based upon Battat's transaction of

business within the state and its tortious actions in this state. Upon information and belief, Battat

transacts business in this judicial district giving rise to Lakeshore's counterclaim, and Battat has

11

1918752.2

sold and continues to sell infringing products under the BRISTLE BLOCKS mark within this judicial district.

## FACTUAL BACKGROUND

61.    For over fifty years, Lakeshore has been a leader in the development of educational and other products for children.

62.    In addition to a growing network of over fifty retail stores, Lakeshore offers two mail-order catalogs to meet the needs of parents, teachers, and children worldwide. In addition, Lakeshore operates a full-service website which offers instantaneous access to its catalogs.

63.    Lakeshore has invested and continues to invest considerable time, effort, and resources to develop, maintain, and enhance its stellar and hard-earned reputation for its service and for the quality, reliability, safety, and durability of its products, and its commitment to ensuring the satisfaction of its customers. Lakeshore has obtained a valuable reputation for itself and its products, such that products sold by Lakeshore acquire value by Lakeshore's association with and testimony as to their genuineness and quality.

64.    For over two decades, Lakeshore has sold bristled children's building block toys, known commonly in the marketplace as "bristle blocks" to consumers.

65.    Continually, since at least as early as 1989, Lakeshore has identified and sold those children's building block toys under Lakeshore's BRISTLE BUILDERS trademark. For instance, the Lakeshore catalogs for the years 1989-2008 prominently identify the products sold as "Bristle Builders."

66.    Upon information and belief, Battat manufactures and distributes to retailers children's building block toys which are distributed under the name BRISTLE BLOCKS. Upon

12

information and belief, Battat's BRISTLE BLOCKS toys are sold to the same or similar ultimate

consumers as Lakeshore's BRISTLE BUILDERS toys, and are sold at the same or a similar price

point.

### FIRST COUNTERCLAIM

**Willful Trademark Infringement And False Designation Of Origin
Or Sponsorship In Violation Of Lanham Act Section 43(a), 15 U.S.C. § 1125(a)**

67.    Lakeshore repeats and realleges the allegations set forth in Paragraphs 55 through

66 as if fully set forth herein.

68.    Since 1989, many years prior to Battat's adoption the BRISTLE BLOCKS mark,

Lakeshore has used the inherently distinctive BRISTLE BUILDERS trademark in interstate

commerce to identify its children's building block toys.  Through such use, Lakeshore has forged

a strong association in the minds of consumers between Lakeshore and its BRISTLE

BUILDERS trademark as used in connection with the marketing and sales of such goods.

69.    Battat's use of the BRISTLE BLOCKS mark, a mark that is very similar to and

likely to cause confusion with Lakeshore's BRISTLE BUIILDERS trademark, in connection

with the manufacture and distribution to retailers of children's building block toys which are

ultimately sold to the same or similar consumers at a similar price point constitutes false

designation of origin and a false representation that Battat's BRISTLE BLOCKS toys are

sponsored, authorized, licensed, or endorsed by or otherwise affiliated or connected with

Lakeshore and or Lakeshore's BRISTLE BUILDERS toys.

70.    Upon information and belief, Battat's activities have created consumer confusion,

mistake, and deception, and are likely to continue to cause consumers to believe that the

13

1918752.2

children's building block toys distributed by Battat under the BRISTLE BLOCKS mark are

sponsored, authorized, licensed, or endorsed by or otherwise affiliated or connected with

Lakeshore and or Lakeshore's BRISTLE BUILDERS toys, to Lakeshore's detriment.

71.    Upon information and belief, Battat's acts are deliberate and are intended to

confuse consumers and the public as to the source of Battat's products, to appropriate the

goodwill associated with Lakeshore and its BRISTLE BUILDERS products, and to injure

Lakeshore by diverting trade and customers from purchasing Lakeshore's BRISTLE BUILDERS

products.

72.    Battat's use of the BRISTLE BLOCKS mark violates Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a).

73.    Lakeshore has been damaged by Battat's actions, and is entitled to recover from

Battat all damages that Lakeshore has sustained and will sustain as a result of such infringing

acts, as well as all gains, profits and advantages obtained by Battat therefrom.

74.    As a result of Battat's willful infringement, Lakeshore is entitled to recovery of

trebled damages, plus the costs of this action, including Lakeshore's reasonable attorney's fees,

pursuant to 15 U.S.C. § 1117(a).

75.    As a direct and proximate result of Battat's willful and unlawful conduct,

Lakeshore has been injured and will continue to suffer injury to its business and reputation

unless Battat is enjoined by this Court from infringing upon Lakeshore's BRISTLE BUILDERS

trademark.

14

1918752.2

76.    Lakeshore has suffered and continues to suffer irreparable harm as a result of Battat's continuing violations of Section 43(a) of the Lanham Act, and has no adequate remedy at law.

WHEREFORE, Lakeshore prays for judgment against Battat as follows:

1.    That Battat, as well as its agents, servants, employees, associates, and attorneys, and all persons acting by, through, or in concert therewith, be preliminarily and permanently enjoined from: (a) infringing Lakeshore's BRISTLE BUILDERS trademark, and (b) any use of the BRISTLE BLOCKS mark;

2.    That Lakeshore be awarded damages in an amount to be determined at trial, but believed to be in excess of $250,000;

3.    That Lakeshore recover from Battat three times the amount of Battat's profits or Lakeshore's damages, whichever is greater, for willful infringement, pursuant to 15 U.S.C. § 1117(a);

4.    That Lakeshore be awarded all its costs, disbursements and reasonable attorney's fees incurred by it in the bringing of this counterclaim, pursuant to 15 U.S.C. § 1117; and

5.    For such other and further relief as this Court may deem just and proper.

15

1918752.2

DATED: New York, New York
    August 7, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _____

Paul V. LiCalsi (PL 6622)
Jane G. Stevens (JS 5869)
12 East 49th Street -- 30th Floor
New York, New York 10017
Telephone: (212) 509-3900
Facsimile: (917) 546-7677

-and-

Karin G. Pagnanelli
Betsy A. Zedek
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Defendant and
Counterclaim-Plaintiff
Lakeshore Equipment Co., d/b/a Lakeshore
Learning Materials*

16

## DEMAND FOR JURY TRIAL

Defendant and Counterclaim-Plaintiff Lakeshore Equipment Co., d/b/a Lakeshore

Learning Materials hereby demands a trial by jury as to its counterclaim averred herein.

DATED: New York, New York
       August 7, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Paul V. LiCalsi (PL 6622)
    Jane G. Stevens (JS 5869)
    12 East 49th Street -- 30th Floor
    New York, New York 10017
    Telephone: (212) 509-3900
    Facsimile: (917) 546-7677

    -and-

    Karin G. Pagnanelli
    Betsy A. Zedek
    11377 West Olympic Boulevard
    Los Angeles, California 90064
    Telephone: (310) 312-2000
    Facsimile: (310) 312-3100

    *Attorneys for Defendant and*
    *Counterclaim-Plaintiff*
    *Lakeshore Equipment Co., d/b/a Lakeshore*
    *Learning Materials*

17

1918752.2