Andrew S. Langsam
Colleen E. Parker
PRYOR CASHMAN LLP
410 Park Avenue, 10th Floor
New York, New York 10022
(212) 421-4100

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BATTAT INCORPORATED,** | 08 Civ. 6408 RMB |
| Plaintiff, | |
| -against- | **PLAINTIFF'S REPLY TO ANSWER WITH COUNTERCLAIM** |
| **LAKESHORE EQUIPMENT CO., d/b/a LAKESHORE LEARNING MATERIALS** | |
| Defendant. | |

Plaintiff Battat Incorporated ("Plaintiff" or "Battat"), by its attorneys, Pryor Cashman

LLP, as and for its Reply to the Answer with Counterclaim (the "Counterclaim") of defendant

Lakeshore Equipment Co., d/b/a Lakeshore Learning Materials ("Defendant" or "Lakeshore"),

alleges as follows:

1.      Paragraphs "1" through "54" contain Lakeshore's Answer and Affirmative

Defenses, and do not require a response.  To the extent that a response is required, Battat denies

the allegations contained therein.

2.      Neither admits nor denies the allegation contained in Paragraph "55" of the

Counterclaim, which calls for a legal conclusion, except admits that Lakeshore alleges that its

action arises under the Lanham Act.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "56" of the Counterclaim.

4.     Admits the allegations contained in Paragraph "57" of the Counterclaim, and asserts that Battat also develops, markets, offers for sale and sells toys and related products.

5.     Admits the allegations contained in Paragraphs "58" and "59" of the Counterclaim.

6.     Denies the allegations contained in Paragraph "60" except, admits that the Court has personal jurisdiction over Battat.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "61" – "65" of the Counterclaim.

8.     Admits the allegations in Paragraph "66" of the Counterclaim.

9.     In response to Paragraph "67" of the Counterclaim, Battat repeats and realleges its responses to the allegations contained in Paragraphs "55" through "66" of the Counterclaim as if fully set forth herein.

10.     Denies the allegations in Paragraphs "68" – "76" of the Counterclaim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11.     The Counterclaim fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12.     Defendant's Counterclaim is barred by the doctrine of estoppel and/or laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13.     Any alleged damages were caused by Defendant's wrongful acts and conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14.     Defendant's Counterclaim is barred by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15.     Defendant's Counterclaim is barred by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16.    Defendant's Counterclaim is barred, precluded, and/or limited by reason of Defendant's fraud on the Patent and Trademark Office during the course of Defendant's application for registration of the mark BRISTLE BUILDERS, that Defendant made a material representation of fact in its declaration which it knew or should have known to be false when Defendant swore "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive . . ., " despite Defendant's knowledge of Battat's longstanding and prior use of the trademark BRISTLE BLOCKS.

**WHEREFORE,** Plaintiff Battat Incorporated demands judgment granting the relief requested in the Complaint in full against Lakeshore Equipment Co., d/b/a Lakeshore Learning Materials and dismissing the Counterclaim in its entirety, together with an award of costs and fees, including attorneys' fees, together with such other, further and different relief as this Court deems just and proper.

Dated: August 28, 2008           PRYOR CASHMAN LLP
       New York, New York        Attorneys for Plaintiff

                                 By: _____
                                 Andrew S. Langsam
                                 Colleen E. Parker
                                 410 Park Avenue, 10th Floor
                                 New York, New York 10022
                                 (212) 421-4100

3